Rockford Life Insurance Company, an Illinois Corporation, Plaintiff-Appellant, v. Edward V. Rios, Blanche A. Rios, Robert Johnson, Jr., Phyllis A. Johnson, and Sterling Federal Savings and Loan Association, Defendants-Appellees.

Gen. No. 70–27.

Third District.

August 19, 1970.

Williams, McCarthy, Kinley & Rudy, of Rockford, for appellant.

Ward, Ward, Castendyck, Murray & Pace, of Sterling, for appellees.

STOUDER, J.

This is a mortgage foreclosure action brought by Rockford Life Insurance Company, Plaintiff-Appellant, in which proceeding Defendants counterclaimed seeking a release of the mortgage. The Circuit Court of Whiteside

County dismissed the mortgage foreclosure for want of equity and ordered that the mortgage be released from which decrees this appeal follows.

On December 1, 1956, Edward and Blanche Rios, defendants, executed a note for $10,900 secured by a mortgage on their residence to the City National Bank of Dixon, Illinois. On July 17, 1957, said note and mortgage were assigned to plaintiff, Rockford Life, when the latter purchased the loan from the bank through H. A. Roe Company, herein referred to as Roe. On or about May 2, 1966, defendants Robert and Phyllis Johnson purchased the property from Rios and obtained financing therefor from Sterling Federal Savings and Loan Association, another defendant. On May 2, 1966, Sterling Federal delivered its check to Roe in the amount of $8,421 for the purpose of paying in full the balance of principal and interest then due on the mortgage to Rockford Life. The amount paid to Roe was the correct amount due at the time. Roe cashed the check, but neglected to remit any part thereof to Rockford Life. Instead, Roe continued to send to Rockford Life the amount of the monthly payment, $60.60, less its service commission. Not having received a release of the mortgage or the canceled documents, Sterling Federal made a telephone inquiry of Rockford Life in November, 1966, and a written demand for release of the mortgage in December, 1966. The Roe Company was declared bankrupt on February 28, 1967.

Roe had been acting as Servicing Agent for Rockford Life for a number of years with respect to a number of loans pursuant to a written servicing and purchasing agreement executed in September, 1958. Each month Roe collected the mortgage installment from the mortgagor, deducted its service fee and remitted a net sum to Rockford Life to be applied to principal and interest on the particular mortgage. Of some forty loans serviced by Roe for Rockford Life, ten of them (including one from Sterling Federal), were prepaid by paying the balance due

to Roe, the appropriate documents being thereafter received by the payor.

After the mortgage had been assigned and recorded, it, together with the note, was at all times in the possession of Rockford Life at its office in Rockford and not in the possession of Roe. At the time of the assignment the mortgagors received a payment book which directed that all payments should be made at the office of Roe, indicating the address.

The trial court held the note secured by the mortgage had been paid in full. Consequently, Rockford Life was not entitled to foreclose its mortgage and the defendants were entitled to a release of the mortgage.

■ The principal issue raised on this appeal is whether or not payment of the balance to Roe was payment to Rockford Life. Under the general rules of agency, if Roe had either actual or apparent authority to receive the payment, then payment to him had the same legal effect as payment to Rockford Life, its principal. Absent such authority, Roe did not receive the payment as agent and hence, its principal would not be bound.

Notwithstanding plaintiff's argument to the contrary, we believe the trial court properly determined that payment had been made to an authorized agent of the plaintiff. We believe there is ample evidence supporting the conclusion that Roe had actual or express authority to receive prepayments of the entire balance of the loan.

In our view, the written servicing agreement confers the requisite authority upon Roe. Paragraph 2 of the servicing agreement provides, "continuously from the date hereof until the principal and interest of the mortgage are paid in full the servicer shall proceed diligently to collect all payments due under the mortgage, as and when the same shall become due and payable . . . ." Paragraph eight provided that Roe, "shall service said mortgage continuously from the date of purchase until the principal and interest are paid in full."

■ The language of the foregoing provision reveals the intention of the parties that the servicing agent is not only authorized, but also required to collect and receive all payments on the mortgage. Even though prepayments are not mentioned in the agreement, there would appear to be no need to do so since the agreement does not purport to include any limitations or exceptions on the authority of the agent, or to classify payments.

■ The conduct of Rockford Life and its agent Roe is entirely consistent with the foregoing interpretation of their agreement and wholly inconsistent with any other interpretation. The ten loans which were paid before maturity during the period 1960 to 1965 by Roe to Rockford Life, were all handled by paying the final balance to Roe. After deducting its commission Roe remitted the balance to Rockford Life and the cancelled papers were forwarded to Roe for delivery to the borrowers. Rockford Life did not at any time make any objection to this procedure and the only conclusuion which can be drawn therefrom is that the procedure was in accord with the agreement between the parties. If any ambiguity existed in the language of the agreement (and we believe otherwise), the course of conduct between the parties representing as it does contemporaneous construction of the agreement, would indicate that the agent had actual authority to accept the prepayment.

We believe that Hoiden v. Kohout, 12 Ill App2d 161, 138 NE2d 852, is controlling of the issues raised in the case at bar, particularly in view of the agreement between the principal and its agent. See also sections 42 and 43, Restatement (Second), Agency. Cases such as Siekmann v. Stanton, 251 Ill App 442 cited by plaintiff, are, we believe, inapplicable insofar as they suggest that an agent must have possession of the note before such agent is authorized to accept final payment thereof. Hoiden v. Kohout, supra, discusses some of the earlier

cases to this effect, but concludes that the principal may authorize a contrary procedure.

American Nat. Ins. Co. of Galveston, Texas v. Murray, 383 F2d 81, (applying Mississippi law), also cited by plaintiff, does not require a contrary result. In the American Nat. Ins. Co. case, the majority of a divided court held that the question of whether payment had been made to a duly authorized agent could not be determined in the summary procedure employed. It, therefore, can be said that the court failed to hold that the servicing agent was authorized to receive the prepayment as a matter of law. The court did not have before it either a written agreement between the insurance company mortgagee and its servicing agent or a course of conduct to establish the authorization of the agent.

Lastly, plaintiff argues that defendant ought to be estopped from claiming payment to Roe because of the delay in requesting the mortgage release from Rockford Life. We find no merit to this contention.

■ If payment is made to an authorized agent as in the case at bar, the payor is not bound to inquire into the application of such payment. The default of such agent is the responsibility of the principal. It is the principal who in the first instance selects the agent, grants him the authority and enables him to come into possession of the funds which are diverted. It is this conduct which makes the loss possible and the principal may not shift the burden to the party dealing with his agent. Brenner v. Franke, 18 Ill App2d 202, 151 NE2d 650.

Finding no error in the decrees of the Circuit Court of Whiteside County, the decrees of said court are affirmed.

Decrees affirmed.

RYAN, P. J. and ALLOY, J., concur.